IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KAPOLEI MEDICAL PARK VENTURE,
a Hawaii general partnership, and ROBERTSON
BUILDING SALEM LLC, an Oregon limited
liability company,

        Plaintiffs,

   v.

KIDDER MATHEWS INC., a
Washington corporation, and JAKE HAAS,
an individual,

        Defendants.

Case No. 3:24-01837-AB

OPINION & ORDER

J. Matthew Donohue
Kristin M. Asai
Shannon L. Armstrong
Holland & Knight LLP
601 SW Second Avenue Suite 1800
Portland, OR 97204

    Attorneys for Plaintiffs

1 – OPINION & ORDER

Rebecca Singleton
Alex A. Baehr
David Michael Heineck
Diana S Breaux
Molly J. Gibbons
Summit Law Group, PLLC
315 5th Ave South Suite 1000
Seattle, WA 98104

    Attorneys for Defendant Kidder Mathews, Inc.

**BAGGIO, District Judge:**

Defendant Kidder Mathews Inc.[1] moves for a protective order quashing the Rule 30(b)(6) deposition topic noticed by Plaintiffs Kapolei Medical Park Venture and Robertson Building Salem LLC[2] regarding the factual basis underlying Defendant Kidder's affirmative defenses. Def.'s Mot. Protective Order ("Def.'s Mot."), ECF No. 36. For the reasons below, the Court grants Defendant's Motion for Protective Order.

## BACKGROUND

Plaintiffs filed this lawsuit asserting claims for negligent misrepresentation, breach of fiduciary duty, and professional negligence stemming from the sale of a commercial office building in Salem, Oregon. Def.'s Mot. 1; Pls.' Resp. 3, ECF No. 39. In its Answer, Defendant Kidder raised eight affirmative defenses: failure to state a claim; intervening and/or superseding cause; preceding and/or superseding negligence; statute of limitations; failure to join parties; waiver, estoppel, and/or laches; contributory negligence and/or failure to mitigate; and that

---

[1] Defendant Haas does not join in this motion so, as used throughout, "Defendant" only refers to Kidder.

[2] Plaintiff Robertson Building Salem LLC is listed in the docket as "Roberston Building Sale LLC" pursuant to a typo in Defendants' Notice of Removal and Civil Cover Sheet, ECF No. 1. In light of the Complaint, Kraght Decl. Ex. 2, ECF No. 2, and the parties' subsequent filings referring to the entity as Robertson Building *Salem* LLC, the Court will refer to the entity as Robertson Building Salem LLC and update the docket accordingly.

Plaintiffs' damages may have been proximately caused by others. Answer 10, ECF No. 13. Defendant thereafter abandoned the failure to join defense, leaving seven affirmative defenses remaining. Def.'s Mot. 2.

The dispute before the Court today arises from Plaintiffs' discovery requests pertaining to Defendant's affirmative defenses. In June 2025, Plaintiffs served Defendant with a notice seeking to depose a corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6). Baehr Decl. Ex. E, ECF No. 37. The Notice listed twenty-five topics to be addressed at the 30(b)(6) deposition. *Id.* At issue before the Court is Topic 19, which seeks "[t]he factual basis for each of [Defendant's] affirmative defenses." *Id.* at 6.

In response to the 30(b)(6) Notice, Defendant Kidder objected to Topic 19, in relevant part, on work product and alternative methods of discovery grounds. Baehr Decl. Ex. F, at 19. After the parties were unable to resolve the dispute via informal discussions, Defendant filed the instant Motion. Def.'s Mot. 3.

## STANDARDS

Federal Rule of Civil Procedure 26 defines the scope of discovery generally as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). A court must limit discovery that it finds "unreasonably cumulative or duplicative, or [that] can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

When pursuing discovery under Federal Rule of Civil Procedure 30(b)(6), the accompanying deposition notice "must describe with reasonable particularity the matters for examination," and the organization's designee "must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6).

3 – OPINION & ORDER

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . ." Fed. R. Civ. P. 26(c)(1). "The party opposing disclosure has the burden of proving 'good cause,' which requires a showing 'that specific prejudice or harm will result' if the protective order is not granted." *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)). The Supreme Court has interpreted Rule 26 as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984).

## DISCUSSION

Plaintiffs seek to depose a corporate representative of Defendant Kidder about Topic 19, which requests "[t]he factual basis for each of [Defendant's] affirmative defenses." Baehr Decl. Ex. E, at 6. The Court grants Defendant Kidder's motion for protective order, finding that attorney work product concerns preclude a 30(b)(6) deposition on this topic.

In considering a motion for protective order for a noticed 30(b)(6) deposition regarding the factual basis for affirmative defenses, courts "must decide two primary issues: (1) whether the attorney-client privilege or work product doctrine prevents the witness from answering questions regarding facts supporting the parties' contentions or affirmative defenses, and (2) if not, whether a Rule 30(b)(6) deposition is an overly burdensome method of acquiring this information, or whether less burdensome methods exist." *EEOC v. Caesars Ent.*, 237 F.R.D. 428, 433 (D. Nev. 2006). The Court first addresses whether the attorney work product doctrine prevents Defendant's corporate representative from answering Topic 19. Finding that it does, the Court grants Defendant's motion on this ground alone.

"[L]ower courts are split over whether the work product doctrine prevents Rule 30(b)(6) deposition questions concerning the facts underlying a party's contentions and affirmative defenses." *Caesars*, 237 F.R.D. at 433; *see also Behringer v. City of Ashland*, No. 1:21-CV-01520-CL, 2024 WL 3812256, at *3 (D. Or. Aug. 14, 2024) ("Courts are split on whether contention topics are an improper topic for a Rule 30(b)(6) deposition.").

On one side of the split are courts who see a thicket of attorney work product problems associated with 30(b)(6) depositions regarding factual bases for affirmative defenses. In *Behringer*, the plaintiff noticed a 30(b)(6) deposition topic seeking "the factual basis for each and every affirmative defense [asserted by defendant]." *Behringer*, 2024 WL 3812256, at *3. The court granted the defendant's request for a protective order, explaining:

> A Rule 30(b)(6) deponent is a lay witness. For [the defendant's] 30(b)(6) designee to know which facts [the defendant] will advance as supporting its defenses, the designee would require a response fed to him or her by [the defendant's] counsel. The designee's answer would essentially be a recitation of the information received by [the defendant's] counsel. Even where the designee is aware of or knows all the underlying facts of the case, he or she cannot be certain of which facts [the defendant's] counsel will rely on to support [the defendant's] defenses unless counsel prepares the designee to answer that question.

*Id.* A similar anxiety animated the court in *American National Red Cross v. Travelers Indemnity Co.*, 896 F.Supp. 8, 14 (D.D.C. 1995). There, the court held that when the plaintiff requested from the deponent a description of the "facts and documents" that support each affirmative defense, the plaintiff "was asking questions that intruded upon protected work product; in effect, what [the plaintiff] was requesting was insight into [the defendant's] defense plan." *Id.*

Courts on the other side of the split consider the attorney work product problem overblown. In *Caesars*, the EEOC sought, via 30(b)(6) deposition, "factual information and source of such information supporting [the d]efendant's defense and affirmative defenses as

5 – OPINION & ORDER

reflected in the pleadings and discovery responses." 237 F.R.D. at 430. The court allowed the deposition, finding that while "[o]ral deposition questions of non-lawyer witnesses may pose a slightly greater risk of inadvertent disclosure of privileged or protected information . . . that risk is adequately addressed by the presence of counsel who may instruct the witness not to answer improperly phrased questions which would reveal attorney-client privileged information." *Id.* at 434. In another case cited by Plaintiffs, the party seeking a 30(b)(6) deposition about facts underlying affirmative defenses argued that they were after "facts alleged by the parties rather than communications between parties and their counsel or attorney work product." *Evergreen Int'l Airlines, Inc. v. Anchorage Advisors, LLC*, No. 3:11-CV-1416-PK, 2013 WL 12321591, at *6 (D. Or. Nov. 27, 2013). The *Evergreen* court held that "[p]rivilege is not implicated in any way" but did not discuss the work product implications. *Id.*

The Court finds persuasive the above-identified concerns about attorney work product. As another district court concluded, courts "discourage the use of 30(b)(6) depositions to obtain testimony concerning a party's affirmative defenses" because "'affirmative defenses[] are drafted by attorneys, and asking a 30(b)(6) witness, usually a nonlawyer, to answer this type of question[]. . . makes it extremely difficult to distinguish between "facts" (not protected) and the issue of why those facts have legal consequences, which usually has a work-product [] dimension.'" *United States v. HVI Cat Canyon, Inc.*, No. CV 11-5097 FMO (SSx), 2016 WL 11683593, at *9–10 (C.D. Cal. Oct. 26, 2016) (quoting *Fid. Mgmt. & Rsch. Co. v. Actuate Corp.*, 275 F.R.D. 63, 64 (D. Mass. 2011)). *See also Cook v. Lynn and Williams, Inc.*, 344 F.R.D. 149, 157 (D. Mass. 2023)) ("A Rule 30(b)(6) designee, who . . . is typically not a lawyer, is not well-suited to answer questions about the legal consequences of certain facts, such as explaining how

6 – OPINION & ORDER

they might demonstrate contributory negligence."). Thus, the Court finds the work product doctrine precludes Plaintiffs' request for a 30(b)(6) deposition on Topic 19.

Some courts also consider the availability of other avenues of discovery in adjudicating protective orders on attorney work product grounds. If a party is unable to obtain the information via other methods of discovery, such as interrogatories, courts are less willing to credit the moving party's work product argument and more willing to allow 30(b)(6) depositions to proceed. *See, e.g.*, *Caeser*, 237 F.R.D. at 430 (noting that the plaintiff argued for 30(b)(6) depositions in light of "incomplete interrogatory responses"). *But see Cat Canyon*, 2016 WL 11683593, at *3 (granting protective order even though the plaintiff "has been unable to obtain through other forms of discovery due to [the d]efendant's non-substantive responses to written discovery").

Here, Plaintiffs do not allege that Defendant's interrogatory responses are incomplete. Defendant has provided responses to the interrogatories about its affirmative defenses and supplemented those responses multiple times. Baehr Decl. Ex. K (Def.'s Third Suppl. Answers) (most recent response for Interrogatory 7 regarding intervening/superseding cause and Interrogatory 8 regarding preceding/superseding negligence); Baehr Decl. Ex. I (Def.'s Suppl. Answers) (most recent response for Interrogatory 9 regarding statute of limitations); Baehr Decl. Ex. N (Def.'s Fifth Suppl. Answers) (most recent response for Interrogatory 11 regarding waiver and estoppel). There is no indication of interrogatories about the failure to state a claim, contributory negligence, or proximate cause defenses.

Plaintiffs' other arguments do not change the Court's conclusion. Instead of arguing the interrogatory responses are incomplete, Plaintiffs argue that "interrogatory responses are . . . not a sufficient substitute for deposition" and that Plaintiffs are "entitled to know who is responsible

for providing the facts, cross-examine that witness about the disclosed facts, and confirm whether any additional facts exist." Pls.' Resp. 1. The Court disagrees. Plaintiffs are not entitled to a deposition about every interrogatory response, especially when "contention interrogatories are a better vehicle" for seeking facts underlying affirmative defenses. *Fid. Mgmt. & Rsch. Co.*, 275 F.R.D. at 64; *see also Cook*, 344 F.R.D. at 154 ("Where a party seeks not only facts but an explanation of the legal consequences of said facts, contention interrogatories are a better discovery vehicle than a Rule 30(b)(6) deposition."). Equally unavailing is Plaintiffs' argument that the 30(b)(6) deposition is necessary to "obtain binding testimony that Kidder will not raise new facts at trial" because contention interrogatories are equally suitable for this purpose. Resp. 5.

Plaintiffs also argue in their opposition that "Defendant has never verified its responses." Pls.' Resp. 4. The Court is unaware of a default requirement that parties verify interrogatory responses. *See Gosain v. Bergquist Wood McIntosh Seto, LLP*, No. 18-cv-06343-HSG (LB), 2022 WL 2439180, at *3 (N.D. Cal. July 5, 2022) (noting that "there is no requirement [to verify responses] under Rule 34" and that some courts in the Northern District of California order verification but only when the party fails to satisfy discovery obligations).

Finally, Plaintiffs argue that Defendant is wrong to suggest that Plaintiffs can obtain this discovery through interrogatories because fact discovery closed on September 26, 2025. Pls.' Resp. 6. This is a self-created problem. The Court's discovery deadline, set more than ten months ago, was not a barrier to Plaintiffs' opportunity to pursue alternative discovery methods earlier in the discovery period. Nor does it appear that an interrogatory cap was a barrier to Plaintiffs. *See* Baehr Decl. Exs. A, B (twenty-one interrogatories); Fed. R. Civ. P. 33(a). The discovery deadline is not the type of legal imperative that changes the Court's 30(b)(6) decision.

8 – OPINION & ORDER

## CONCLUSION

The Court GRANTS Defendant's Motion for Protective Order [36].

IT IS SO ORDERED.

DATED this 7th day of October, 2025.

*Amy M. Baggio*
_____
AMY M. BAGGIO
United States District Judge

9 – OPINION & ORDER